Judge Underwood
delivered the opinion of the Court.
This was an action of covenant against three. The deputy sheriff returned the writ executed on two, and the other “no inhabitant of his bailiwick.” This return did not authorize an abatement, Gully vs. Sanders, Select Cases, 424.
No abatement was attempted, and at the appear-anee term, judgment was rendered against the “defendant upon a demurrer, filed to the declaration, by .a defendant” as the record states. This was certainly erroneous, if by the term “defendants,” it was intended to include him, on whom the process had not been served. Morgan’s executrix vs. Morgan, II. Bibb, 390. There had been no discontinuance in this case as there was in that. Whether the language of the demurrer was plural or singular, it should be construed to be the act and language of him or them only, upon whom process had been served; such, and no others, being required to respond.
But when the record shews that various individuals are made parties to the action of covenant, and judgment is rendered generally against the defendants, where there is neither abatement nor discontinuance as to a part on whom process has not been served, it is error; for the plaintiff having proceeded, jointly, against the defendants,is bound to dispose of his suit according to law, as to each. In this case, if the judgment should be construed to be against Fox, it is error, because the writ was not served on him, and if he ig not embraced, it is error, because he was left out^ when the suit was neither abated nor discontinued, as it respected him.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded, for further proceedings, not inconsistent herewith.
The plaintiffs in error must recover their costs.